FINCH v. MUNSON et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

Appeal from Special Term, Westchester County.

Action by James W. Finch against Edmund L. Munson and another. From an order denying defendants' motion to vacate an order of arrest, defendants appeal. Affirmed.

Argued before BURR, THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

John S. Wise, of New York City, for appellants.
H. R. Barrett, of New York City, for respondent.

PER CURIAM. Order affirmed, with costs.

BURR, J. (dissenting). Plaintiff brought this action to recover damages for the unlawful conversion of 24 cows and 4 heifers, and

pending said action procured an order to arrest the defendants. Code of Civil Procedure, § 549, subd. 2. From an order denying defendants' motion to vacate the order of arrest, this appeal is taken.

On August 26, 1911, plaintiff leased to defendants for a term of five years and seven months a farm situated in the town of Southeast, county of Putnam, which had been used as a dairy farm, and was to be used and maintained by defendants as such, together with the "stock, farming utensils, cattle, horses and wagons and other personal property *now or to be* on said premises." An inventory of the personal property was made shortly thereafter, in which not only the articles but the value thereof was fixed and determined. Among the stock was included 32 cows, 7 heifers, 18 calves, 1 bull, 100 hens and roosters, and several horses. In January, 1912, defendants sold 24 of said cows and 4 of said heifers for the sum of $1,645. They subsequently purchased 9 other cows, and placed them on the farm. In April, 1913, the lease was terminated, and plaintiff resumed possession of said farm and personal property, and apparently accepted the 9 cows purchased by defendants. That the lease contemplated that from time to time, as necessity required, the stock on hand when the lease was made should be changed, the unprofitable cattle disposed of, and others purchased or their value accounted for, is clear from the terms of the lease itself, and particularly when construed in the light of surrounding circumstances. The stock is referred to as the stock "now or to be" on said premises. For rent, defendants were to pay, and plaintiff to receive, at the end of each year, a sum equal to "one-half of the net profits accrued to them from the occupancy and use of the said farm and the carrying on of the said milk route business," during the preceding year, except that, if the profits did not equal a specified sum, defendants were to pay a fixed amount. It was further agreed that:

"At the termination of this lease the tenants will pay to the landlord the difference between the value of the personal property as appraised and shown by said inventory, and its then value."

There was a provision for an appraisal then to be made, and a further provision that if any of the personal property had been destroyed by fire, and plaintiff had received the insurance moneys, defendants should be credited with the amount so paid to him. It must of necessity be the case during the continuance of so long a lease that some of the cattle would be unfit for the purposes of a dairy farm, and that it would be wise to dispose of the same. If we concede that the title to the cattle did not pass to defendants, at least they were made the agents of plaintiff to make disposition thereof when the necessity therefor arose. In the affidavit submitted by defendants upon the motion to vacate the order of arrest, they assert the reason for the sale. It is as follows:

"We found that the herd of cattle on the place was inadequate and improper to the maintenance of the milk route according to our contract under the terms of the lease, in that the milk yield from the herd was so small that the herd could not be profitably maintained in its then condition. A number of the milk cows in the herd were of such an old age as to be past their best productivity for milking, and others were in various degrees inefficient. Be-

sides this, we found that the herd contained more cows than the milk route would require if the cows were in efficient condition. Accordingly, in the interest of economy and in the exercise of our own best judgment and discretion as to the business requirements of the farm and the milk route, we sought to dispose of some of the stock with a view to substituting therefor a lesser number of more efficient cows."

Plaintiff alleges that the sum received for the cattle which were sold was $1,645. He does not allege that this was less than their value, but asserts the contrary, and it is this sum for which judgment is sought in this action. Plaintiff contends that such sale was unnecessary, while at the same time he admits that, if defendants "would promptly use all the proceeds obtained from the sale of the cows sold at the January sale to purchase other cows so as to keep up the full efficiency of the milk route as aforesaid, he would be satisfied to let the matter rest there"; but he further alleges that:

"Sufficient cows were not purchased after the sale to keep up the efficiency of the milk route, and the milk route had in fact deteriorated and run down to one-fourth of the efficiency that was obtained at the time deponent had turned over the property to defendants."

The sum received by defendants for the sale of the cattle was entered at once by them in their books of account of the farm, and subsequently these books were exhibited to plaintiff to be the subject of a final accounting between them. If this action can be maintained, this strange result may follow: Plaintiff has accepted the nine cows which defendants purchased to take the place of those sold; defendants have charged themselves in their account with plaintiff with the purchase price of such sale, and yet in this action they are again held liable for converting stock, the proceeds of the·sale of which they have accounted for, or must account for, at the full amount of such sale, and, if judgment goes against them, they are liable to an execution against the body. It does not seem as if this were the law. Even if plaintiff is right in his contention that the sale was unwise and unnecessary, this action is not brought upon any such theory. It must rest upon the ground that, necessary or unnecessary, defendants had no right under any circumstances to dispose of any portion of the stock, and that, although plaintiff has given conclusive evidence of ratification by accepting the cows which were purchased to take the place of a part of those sold, still defendants are liable in an action for conversion for the full value of those which were disposed of.

The order appealed from should be reversed, and the motion to vacate the order of arrest granted.